UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. CV 19-4935-ODW (KS) | Date: July 10, 2019 |
| Title *Daynell B. Bell v. Josie Gastelo, Warden* | |

Present: The Honorable: Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On June 6, 2019, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1.) The Petition challenged Petitioner's 2015 conviction and sentence for murder and attempted murder with special circumstance allegations and firearm enhancements. (Petition at 1.) On June 17, 2019, the Court ordered Petitioner to show cause why the Petition should not be dismissed for failure to specify the grounds for relief and state the facts supporting each ground. (Dkt. No. 3.) On July 5, 2019, Petitioner filed a First Amended Petition (the "FAP"). (Dkt. No. 4.)

In response to questions on the form petition regarding any appeal from the judgment of conviction, Petitioner provided the case numbers for his direct appeal proceedings in the California Court of Appeal and California Supreme Court, but, when asked to state what grounds he raised in those appeals, Petitioner responded only: "See attached records." (FAP at 2-3.) Similarly, when asked to state the grounds on which he seeks relief, Petitioner wrote under Grounds One and Two "see attached argument" and indicated that he had raised these claims in the Petition for Review filed with the California Supreme Court. (*Id.* at 5-6.) Petitioner provided no additional information for either claim. (*See generally id.* at 5.)

Petitioner attached to the FAP his opening brief in the California Court of Appeal. (FAP at CM/ECF Page ID 25.) In this opening brief, Petitioner presented the following arguments: (1) the trial court erred in denying Petitioner's request for a hearing pursuant to *People v. Kelly*, 17 Cal.3d 24 (1976) and California Evidence Code section 402 on the issue of whether the prosecution could lay sufficient foundation for the prosecution expert's cell phone record analysis; (2) the trial court erred in excluding evidence that DNA recovered at the scene of the Diamond Johnson

shooting was submitted to the FBI's National DNA Database and came back with a hit on a third party; (3) the trial court violated Petitioner's rights under the Confrontation Clause when it allowed Charles Lee's out of court statement to Detective Gersna into evidence; (4) Petitioner was deprived of effective assistance of counsel when his attorney failed to make a pretrial motion to suppress evidence obtained from the warrantless search of Petitioner's cell phone; (5) the trial court committed *Aranda/Bruton* error in allowing the admission of out of court statements by the non-testifying codefendant implicating Petitioner; (6) the trial court erred by failing to instruct the jury to determine whether Michael Capers and Donald Streeter were accomplices and consider their statements with caution; (7) joinder in arguments made by co-appellant, *i.e.* the erroneous denial of a severance motion, a request for *in camera* review of Streeter's mental health records, a Confrontation Clause violation stemming from the admission of Streeter's out of court statements and former testimony, the erroneous exclusion of evidence of Exley's relocation funds, and the erroneous admission of Exley's out of court identification of Capers and tentative identification of Petitioner; and (8) cumulative error.  (*See* FAP, Attach.)

According to the form habeas petition Petitioner completed, the FAP asserts only two grounds for relief.  However, when asked to identify the two grounds for relief, it refers the Court to the "attached argument."  The only attachment is Petitioner's opening brief in the California Court of Appeal, which, as stated above, includes at least 13 different arguments.  Accordingly, the Court cannot determine which of Petitioner's numerous arguments before the California Court of Appeal he is presenting to this Court as grounds for federal habeas relief.

As Petitioner was previously instructed, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief."  Habeas Rule 4.  Additionally, Habeas Rule 2 requires, *inter alia*, that the petition specify the grounds for relief, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner.  Because the FAP does not clearly identify the legal and factual basis for Petitioner's claims, the FAP is subject to dismissal.
\\
\\
\\
\\

\\

IT IS THEREFORE ORDERED that Petitioner shall SHOW CAUSE no later than **July 31, 2019** why the FAP should not be dismissed for failure to comply with Habeas Rule 2(c) and Habeas Rule 4. Petitioner may discharge this Order by filing one of the following on or before the July 31, 2019 deadline:

(1) A signed Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a); or

(2) A complete Second Amended Petition that is signed, does not refer to or rely on any of Petitioner's earlier pleadings or their attachments, identifies with specificity each ground on which he seeks habeas relief, and articulates specific facts supporting each claim for habeas relief. If Petitioner elects to file a Second Amended Petition, he may attach to that petition one or more of his state court briefs and refer to them for the supporting facts and law. However, he must also **clearly and unambiguously identify for this Court, preferably in the form petition, the federal constitutional arguments he is raising for federal habeas relief**.[1]

**Petitioner's failure to timely comply with this Order and show cause why the Petition should not be dismissed may result in a recommendation of dismissal pursuant to Habeas Rule 4 and/or Local Rule 41-1 and Fed. R. Civ. P. 41.**

The Clerk is directed to send Petitioner the Central District's form state habeas petition and a copy of his First Amended Petition with attachments (Dkt. No. 4).

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr

---

[1]   Petitioner is cautioned that "federal habeas corpus relief does not lie for errors of state law," and "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, claims that aspects of Petitioner's trial violated California state court precedent or California state law are not cognizable on federal habeas review.